**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                        No. CV 12-0950 WJ/LFG
                                                                              CR 06-1023 WJ

TRACY MCARTHUR HARRIS,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court, *sua sponte* under rules 4, 11(a) of the Rules Governing Section 2255 Proceedings, on Defendant's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant To 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 90) filed on September 10, 2012. Also before the Court is Defendant's Amended Motion to Vacate, Set Aside or Correct Sentence (CV Doc. 3; CR Doc. 91) filed on October 19, 2012.

    In 2008, Defendant filed a first § 2255 motion (No. CV 08-0474 WJ/WPL; CR Doc. 74). By order and judgment (CR Docs. 85, 86) entered on October 28, 2008, the Court considered and rejected Defendant's claims in his first motion. Comparison of Defendant's first and current § 2255 motions reveals that the instant motion is a (slightly altered) photocopy of his prior motion. The new motion is thus a duplicate as well as a second or successive motion. In his amended motion, Defendant contends that he is raising a new claim in this proceeding. The Court will dismiss the motion and the amended motion for lack of jurisdiction.

    "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or

petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (weighing factors announced in *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), before transferring a second § 2255 motion); *and see Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); *United States v. Nelson*, 465 F.3d at 1148; *and cf. Thornbrugh v. United States*, 424 F. App'x 756, 759 (10th Cir. 2011) (noting that district court "properly held that it 'lack[ed] jurisdiction to consider [a successive § 2255] motion.' "); *United States v. Chacon*, 421 F. App'x 790, 791 (10th Cir. 2010) (noting dismissal of second or successive motion is without prejudice).

The factors that the Court of Appeals for the Tenth Circuit announced in *Trujillo v. Williams* are (1) whether a new § 2255 motion would be time barred at this point, *see Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000); (2) whether Defendant's claims "are likely to have merit," *Trujillo*, 465 F.3d at 1223 n. 16; *Haugh*, 210 F.3d at 1150 n. 4; and (3) whether Defendant filed his motion in good faith, *see Trujillo*, 465 F.3d at 1223 n. 16; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996). The first factor would possibly favor transfer of Defendant's motion. As to the second and third factors, the current motion is a duplicate of Defendant's first motion, and the amended motion is nearly identical to Ground One of the first motion. These two factors thus weigh conclusively in favor of dismissal, *see Trujillo*, 465 F.3d at 1223 n. 16, and the Court will dismiss Defendant's motion and amended motion for lack of jurisdiction.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability. *See United States v. Harper*, 545 F.3d 1230, 1223 (10th Cir. 2008) ("[D]ismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under section 2255' such that § 2253 requires petitioner to obtain

a COA before he or she may appeal.").

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 90) filed on September 10, 2012, and his Amended Motion to Vacate, Set Aside or Correct Sentence (CV Doc. 3; CR Doc. 91) filed on October 19, 2012, are DISMISSED for lack of jurisdiction; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE